# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLA RENAE JOHNSON-NJOKU;<br>ISDORE IFEANYI NJOKU,<br>  9851 Harrison Rd,<br>  Bloomington, MN 55437<br><br>                Plaintiff(s)<br><br>                v.<br><br>KRISTI NOEM, in her official capacity,<br>Secretary, U.S. Department of Homeland<br>Security;<br>    2707 Martin Luther King Jr. Ave, SE<br>    Washington, DC 20528-0485<br><br>JOSEPH B. EDLOW, in his official capacity,<br>Director, U.S. Citizenship and Immigration<br>Services;<br>    2707 Martin Luther King Jr. Ave, SE<br>    Washington, DC 20528-0485<br><br>PAM BONDI, in her official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530-0001<br><br>                Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:25-cv-2676<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, Rolling Meadows, Suite 630, Rolling Meadows, Illinois 60008, Ph: 312-767-9030, Facsimile: (312) 549-9981, Email: sadaf@jeelani-law.com.

1

## INTRODUCTION

COME NOW CARLA RENAE JOHNSON-NJOKU (hereinafter "Plaintiff CARLA" or collectively "Plaintiffs"), and ISDORE IFEANYI NJOKU (hereinafter "Plaintiff ISDORE" or collectively "Plaintiffs") the Plaintiffs[1], by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff CARLA is the U.S. citizen spouse of Plaintiff ISDORE, a national of Nigeria. On February 9, 2022, Plaintiff CARLA lawfully filed Form I-130, Petition for Alien Relative ("Petition") with the United States Citizenship and Immigration Service for her spouse to become a permanent resident of the United States. Following the approval of Plaintiff CARLA's Form I-130 Petition, Plaintiff ISDORE filed his Form I-485 with the Immigration Court and thereafter requested to have his removal case terminated and have his case remanded to USCIS for a proper adjudication of his Application.

2. Plaintiff ISDORE filed his Form I-485, Application to Register Permanent Residence or Adjust Status, and paid the associated fees on December 26, 2023, after which his case was remanded to USCIS for adjudication.

3. This action is brought as a result of Defendants' failure to adjudicate Plaintiff ISDORE's Form I-485, Application to Register Permanent Residence or Adjust Status ("Application"), within a reasonable period of time. The Application has been in pending status for a period of over one year and seven months (over 19 months or 595 days) without any resolution. Plaintiff ISDORE has a clear right to the adjudication of his Application within a timely manner. The final

---

[1] Plaintiff ISDORE was previously in removal proceedings. Following the approval of Plaintiff CARLA's Form I-130 Petition for Alien Relative, Plaintiffs requested to have his removal case terminated. Plaintiff ISDORE properly filed his Form I-485 with the Immigration Court, and thereafter requested to have his Application remanded to USCIS for proper adjudication. Plaintiff ISDORE's request was granted in or around December 2023.

adjudication of Plaintiff ISDORE's Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

4. The delay in making a decision on Plaintiff ISDORE's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

5. Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the Application as most, if not all, USCIS Field Offices are fully operational at this time; as such, COVID-19 related issues do not prohibit an officer's ability to adjudicate Plaintiff ISDORE's Application.

6. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiff ISDORE's Application.

## PARTIES

7. Plaintiff CARLA RENAE JOHNSON-NJOKU is a U.S. citizen, and for purposes of the instant action, she is a resident of Hennepin County, Minnesota. She is the petitioner of an approved Form I-130, Petition for Alien Relative, filed naming her spouse, Plaintiff ISDORE, as the named beneficiary.

8. Plaintiff ISDORE IFEANYI NJOKU is a citizen of Nigeria and for purposes of the instant action he is a resident of Hennepin County, Minnesota. He is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed by his U.S. Citizen spouse, Plaintiff CARLA. The approved Form I-130 allows beneficiary qualification for Plaintiff ISDORE to adjust his status to a permanent resident of the United States. Plaintiff ISDORE is also the applicant of a properly filed Form I-485, Application for Adjustment of Status.

9. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

10. Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

11. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

12. This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

13. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

14. The Plaintiffs have repeatedly requested the Defendants to make a final decision on Plaintiff ISDORE's Application. Furthermore, Plaintiffs have initiated numerous inquiries with USCIS directly, requesting an adjudication of his Application, all without any resolution.

15.  Plaintiff ISDORE has exhausted his administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for the approval of his Application.

16.  There are no further administrative remedies available for Plaintiff ISDORE to utilize.

## FACTUAL ALLEGATIONS

17.  On October 24, 2023, Plaintiff CARLA's Form I-130, Petition for Alien Relative, naming her spouse, Plaintiff ISDORE was approved by USCIS. (Receipt # IOE0915151449). **[EXHIBIT A]**.

18.  Following the approval of Plaintiff CARLA's Petition, Plaintiff ISDORE filed Form I-485 Application to Register Permanent Residence or Adjust Status on December 26, 2023, and requested to have his removal case terminated and his Application remanded to USCIS for adjudication. (Receipt # SRC2407750088) **[EXHIBIT B]**.

19.  Plaintiff ISDORE's request to have his removal case terminated and his case remanded to USCIS was granted by the Immigration Judge in or around December 2023.

20.  On January 11, 2024, Plaintiff ISDORE received communication from USCIS informing him that it would be able to reuse his previously captured fingerprints and other biometrics. As such he would not be required to appear at a USCIS Application Support Center.  **[EXHIBIT C]**.

21.  Since December 2023, USCIS has neither requested any additional information or evidence, nor have they scheduled an interview or completed adjudication of Plaintiff ISDORE's application.

22.  Plaintiffs have made numerous inquiries over the past one year and seven months with USCIS, requesting the adjudication of Plaintiff ISDORE's Application.

23.  Plaintiffs' inquiries have not resulted in any meaningful responses from USCIS.

24. Plaintiff ISDORE's Form now continues to be pending with USCIS for a total time of over one year and seven months (over 19 months or 595 days).

25. The delay in making a decision on the Plaintiff ISDORE's Form extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

26. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2023 of 11.4 months for the adjudication of Form I-485. Plaintiff ISDORE's Form I-485 Application has been pending for over 19 months, which is almost one and a half times the historical average processing time as reported by USCIS.[2]

27. Defendants have failed to provide any explanation which would merit the need for over 19 months of processing time.

28. Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that Plaintiff ISDORE's case has been pending review.

29. Both Plaintiff CARLA and Plaintiff ISDORE have faced significant hardship as a direct consequence of Defendants delay in completing the adjudication of Plaintiff ISDORE's Application. Plaintiff CARLA has a fundamental right as a U.S. citizen to qualify her spouse for lawful permanent residency. As a result, they have been forced to put their lives on hold, unable to fully establish themselves as a married couple in the United States, despite the legitimacy and sincerity of their marriage. Furthermore, Plaintiff ISDORE has been denied the opportunity not only to begin accruing the time required for naturalization, but more importantly, to build a stable future with his wife. The uncertainty surrounding his immigration status has disrupted their ability

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

to make long-term plans, pursue shared goals, and enjoy the stability to which all married couples are entitled.

30. Moreover, Plaintiffs has incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiff ISDORE's Application within a reasonable period of time.

## **COUNT I**

### VIOLATION OF THE APA- FORM I-485

31. All prior paragraphs are re-alleged as if fully stated herein.

32. Plaintiff ISDORE has a statutory right to apply for adjustment of his status to a permanent resident of the United States by filing Form I-485, Application to Register Permanent Residence or Adjust Status pursuant to INA 245(a).

33. Defendants have a duty to adjudicate Plaintiff ISDORE's Application within a reasonable period of time under 5 U.S.C. §555(b).

34. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

35. No other adequate remedy is available to Plaintiff ISDORE.

36. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff ISDORE to adjudicate his Application.

37. Given the Defendants' lack of a reason for not making a decision on Plaintiff ISDORE's, Application for over 19 months, Plaintiff's Application has been pending for an unreasonably long period of time.

38. Defendants have failed in their statutory duty to adjudicate Plaintiff ISDORE's Application within a reasonable period of time.

39.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff ISDORE's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff ISDORE's case.

40.     Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff ISDORE's Application, thereby depriving Plaintiff of the rights to which he is entitled.

41.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff CARLA has been denied the right to petition for her spouse to become a permanent resident of the United States. Furthermore, Plaintiff ISDORE has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff ISDORE's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff ISDORE's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  August 11, 2025                              Respectfully submitted,

    /s/ Sadaf Ahmed
**Sadaf Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Suite 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax: (312) 549-9981**
*Counsel for Plaintiffs*